```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
AMERICAN FEDERATION OF        )
GOVERNMENT EMPLOYEES,         )
et al.,                       )
              Plaintiffs,     )
                              )
                              )   Civil Action No. 08-692 (EGS)
         v.                   )
                              )
SECRETARY OF THE AIR FORCE,   )
                              )
              Defendant.      )
_____)
```

### MEMORANDUM OPINION

Plaintiffs are the American Federation of Government Employees ("AFGE"), fourteen local labor unions chartered by the AFGE, and one individual member of AFGE Local 1401.  On behalf of the affected members, plaintiffs challenge 2007 amendments to three Air Force Instructions (the "AFIs").  The amendments to the AFIs affected certain Air Force employees, referred to as "dual status" technicians because of their status as both civilian employees and military reservists, by requiring them to wear their military uniforms while performing their civilian duties.  The Secretary moved to dismiss the complaint or, in the alternative, for summary judgment, and plaintiffs filed a cross-motion for summary judgment.  Upon consideration of the motions, responses and replies thereto, the supplemental memoranda, the applicable law, the entire record herein, the arguments by

counsel at the June 2, 2011 motions hearing, and for the reasons stated below, the Court **GRANTS** the Secretary's motion to dismiss and **DENIES** plaintiffs' motion for summary judgment.

## I. BACKGROUND

Air Reserve Technicians ("ARTs") are civilian military technicians employed by the Air Force primarily to provide support to wartime deployable reserve units.  Compl. ¶¶ 7-9, 12; Def.'s Statement of Material Facts Not in Genuine Dispute ("Def.'s Statement of Facts") ¶ 11.  Their responsibilities include "the organizing, administering, instructing, or training of the Selected Reserve or [] the maintenance and repair of supplies or equipment issued to the Selected Reserve or the armed forces."  10 U.S.C. § 10216(a)(1)(C).  Although ARTs are civilian employees, they are required, as a condition of their employment, to maintain active membership in the Air Force Selected Reserve.  As such, ARTs are referred to as "dual status" technicians because of their status as both civilian employees and military reservists.  They receive civilian employee pay for their civil service jobs, plus military pay for their weekend military duty and summer active military duty hours.  Compl. ¶ 20; Def.'s Statement of Facts ¶ 15.  ARTs can be ordered to deploy with their unit if it is mobilized.  Compl. ¶ 16; Def.'s Statement of Facts ¶ 14.

The Secretary has the authority to promulgate regulations

"to carry out his functions, powers, and duties." 10 U.S.C. § 8013(g)(3). Air Force regulations are set forth in publications called AFIs, which "are certified and approved at the Secretariat or the Air Staff level." Def.'s Statement of Facts ¶ 17. In August 2007, the Secretary made Interim Changes to three AFIs, which had the effect of instituting a requirement that ARTs wear their military uniform while performing civilian duties. *See* Compl. ¶ 24; AFIs 36-2903, 36-801, & 36-703 (attached to Def.'s Mot. to Dismiss or in the Alternative for Summ. J. ("Def.'s Mot.") at Exs. A-C).

Plaintiffs filed an action in this Court for declaratory and injunctive relief. *See generally* Compl. The three-count Complaint challenges the 2007 changes requiring ARTs to wear military uniforms when serving in their civilian capacity on the basis that the Secretary's regulations are (1) arbitrary and capricious, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A); (2) contrary to 10 U.S.C. §§ 771 and 10216, and 18 U.S.C. §§ 702 and 703; and (3) in excess of the Secretary's statutory authority under 10 U.S.C. § 10216.

## II.   STANDARDS OF REVIEW

On a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "The

3

court must address the issue of jurisdiction as a threshold matter, because absent jurisdiction the court lacks the authority to decide the case on any other grounds." *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 91 (D.D.C. 2000).  Moreover, because subject-matter jurisdiction relates to the Court's power to hear the claim, the Court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion. *Uberoi v. EEOC*, 180 F. Supp. 2d 42, 44 (D.D.C. 2001).  In resolving a motion to dismiss for lack of subject-matter jurisdiction, the Court "may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal citations and quotation marks omitted).

**III.  ANALYSIS**

The Court concludes that it lacks subject-matter jurisdiction over plaintiffs' claims because plaintiffs have failed to exhaust any of the administrative remedies available to them under the Civil Service Reform Act of 1978 ("CSRA").[1]

---

[1]  In its motion to dismiss or in the alternative for summary judgment, the Secretary argued that the Complaint must be dismissed for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.  Specifically,

4

The CSRA provides a remedial scheme to federal employees that "protects covered federal employees against a broad range of personnel practices" and provides them with "a variety of causes of action and remedies . . . when their rights under the statute are violated." *Grosdidier v. Chairman, Broad. Bd. of Governors*, 560 F.3d 495, 497 (D.C. Cir. 2009). Accordingly, this Circuit has repeatedly held that the CSRA is "comprehensive and exclusive," and "*[f]ederal employees may not circumvent the [CSRA's] requirements and limitations by resorting to the catchall APA to challenge agency employment actions.*" *Id.* (emphasis added); *see also Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009 (D.C. Cir. 2009)("Congress, through the [CSRA] and related employment statutes, has carefully constructed a system for review and resolution of federal employment disputes, intentionally providing—and intentionally not providing—

---

the Secretary contended that (1) plaintiffs' claims raise a nonjusticiable political question, and (2) plaintiffs have failed to state a cause of action as judicial review is unavailable under the APA because Plaintiffs have an adequate remedy at law. *See* Def.'s Mot. at 3-11. Alternatively, the Secretary argued that plaintiffs have failed to state a claim because they have not adduced any facts showing that the Secretary's decision to require ARTs to wear military uniforms when performing civilian duties was (1) arbitrary and capricious, (2) contrary to law, or (3) in excess of the Secretary's statutory authority. *See id.* at 11-16. However, because the Court concludes that plaintiffs failed to exhaust their administrative remedies, and therefore the Court lacks subject-matter jurisdiction over any of plaintiffs' claims, the Court does not reach the other arguments asserted by the parties.

5

particular forums and procedures for particular kinds of claims. As such, we have held that this comprehensive employment scheme preempts judicial review under the more general APA even when that scheme provides no judicial relief—that is, 'what you get under the CSRA is what you get.'" (quoting *Fornaro v. James*, 416 F.3d 63, 67 (D.C. Cir. 2005))).

Plaintiffs admit that they could have availed themselves of the grievance procedures outlined in § 7121(a)(1) of the CSRA, which provides that "[e]xcept as provided in paragraph (2) of this subsection, any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability."  5 U.S.C. § 7121(a)(1). Furthermore, the CSRA states that the grievance procedures contained in the collective bargaining agreement "shall be the exclusive administrative procedures for resolving grievances which fall within its coverage." *Id*.  The term "grievance" is defined very broadly as:

[A]ny complaint—

    (A) by any employee concerning any matter relating to the employment of the employee;

    (B) by any labor organization concerning any matter relating to the employment of any employee; or

    (C) by any employee, labor organization, or agency concerning—

        (i) the effect or interpretation, or a claim

>    of breach, of a collective bargaining
>    agreement; or
>
>    (ii) any claimed violation,
>    misinterpretation, or misapplication of any
>    law, rule, or regulation affecting
>    conditions of employment[.]

*Id.* § 7103(a)(9).

Plaintiffs in the instant case are attempting the same type of circumvention of the CSRA as the Circuit rejected in *Filebark*. Conceding that they could have used the negotiated grievance procedures outlined in § 7121(a), plaintiffs argue that they are nonetheless entitled to proceed directly to this Court because the available administrative remedy "would not resolve the matter nationally." Pls.' Mem. on Exhaustion at 2. Plaintiffs assert that they cannot be required to exhaust any administrative remedy because no agency has jurisdiction to adjudicate their "nationwide claim." Pls.' Mem. on Exhaustion at 1.

Even assuming a decision from this Court in this case would have nationwide implications, plaintiffs have failed to identify any authority entitling them to nationwide relief, nor has this Court been able to find any such authority. On the contrary, this Circuit has "consistently read the CSRA narrowly, refusing to imply remedies that cannot be found in the language of the statute" because "[p]ersonnel management is 'peculiarly within the ken and concern of Congress.'" *Johnson v. Peterson*, 996

F.2d 397, 401 (D.C. Cir. 1993) (quoting *Harrison v. Bowen*, 815 F.2d 1505, 1515 (D.C. Cir. 1987)). When Congress intends to preserve remedies for federal employees outside the CSRA, "it does so expressly; for example, the CSRA maintains federal employees' rights to bring suit under Title VII and other anti-discrimination laws." *Nyunt v. Chairman, Broad. Bd. of Governors*, 589 F.3d 445, 448 (D.C. Cir. 2009).

Plaintiffs also argue that, rather than being jurisdictional in nature, exhaustion under the CSRA is non-jurisdictional, *i.e.* waivable at the Court's discretion. As plaintiffs correctly point out, exhaustion requirements are non-jurisdictional unless there is "sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion." *Munsell v. Dep't of Agric.*, 509 F.3d 572, 580 (D.C. Cir. 2007) (quoting *Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1248 (D.C. Cir. 2004)). In the absence of such statutory language, "the exhaustion requirement is treated as an element of the underlying claim." *Id.* (quoting *Avocados Plus*, 370 F.3d at 1248). However, this Circuit has made it clear that the CSRA does indeed contain such language and that, "under the CSRA, exhaustion of administrative remedies *is a jurisdictional prerequisite to suit*." *Weaver v. U.S. Info. Agency,* 87 F.3d 1429, 1433 (D.C. Cir. 1996) (emphasis added); *see also Suzal v. Director, U.S. Info. Agency*, 32 F.3d 574, 585 (D.C. Cir. 1993)

("[E]xhaustion of the nonjudicial remedies provided under the authority of the CSRA is a jurisdictional prerequisite, and because section 7121(a)(1) mandates exclusive recourse to the CBA's grievance-resolving procedures, [the] failure to have pursued arbitration deprives [the Court] of jurisdiction[.]"); *Fernandez v. Donovan*, 760 F. Supp. 2d 31, 34-35 (D.D.C. 2011).

Plaintiffs assert that the APA gives this Court subject-matter jurisdiction over their claims, but—as this Court has previously explained—"jurisdiction under the APA [i]s precluded by 'the structure of Congress's employment statutes and the CSRA as a whole.'  Otherwise, 'the exhaustive remedial scheme of the CSRA would be impermissibly frustrated[.]'"  *Ramirez v. U.S. Customs & Border Prot.*, 709 F. Supp. 2d 74, 81 (D.D.C. 2010) (quoting *Filebark*, 555 F.3d at 1013-15).

Plaintiffs' claims are accordingly **DISMISSED** for lack of subject-matter jurisdiction.

**IV. Conclusion**

For the reasons stated above, the Court hereby **GRANTS** the defendant's motion and **DENIES** plaintiffs' motion.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:   Emmet G. Sullivan**
**          United States District Judge**
**          January 27, 2012**